ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FREE-TV-VIDEO-ONLINE.INFO, a business entity of unknown form; MOHY MIR, an individual, d/b/a FREE-TV-VIDEO-ONLINE.INFO; TIM CLOW, an individual, d/b/a FREE-TV-VIDEO-ONLINE.INFO; and SUPERNOVA TUBE, INC., a Canadian corporation,<br><br>Defendants. | CASE NO. CV 08-8484 JFW (FMOx)<br><br>The Honorable John F. Walter<br><br>**CONSENT JUDGMENT**<br><br>Trial: April 6, 2010<br>Pre-Trial Conference: March 12, 2010 |

Plaintiffs Warner Bros. Entertainment Inc. and Disney Enterprises, Inc. ("Plaintiffs") and Defendants Mohy Mir and Supernova Tube, Inc. ("Defendants") having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Mitchell Silberberg & Knupp LLP
2560963.1

1.  Defendants have engaged in contributory copyright infringement by actively searching for, identifying, collecting, posting, organizing, indexing, and posting on the website www.free-tv-video-online.info ("FreeTV") links to infringing material which has been posted on third-party websites.

2.  Defendants are liable for damages to Plaintiffs in the amount of One Million, Five Hundred Thousand Dollars ($1,500,000).

3.  Defendants and their agents, servants, employees, representatives, assigns, licensees, transferees, and all those acting in concert with Defendants, at their direction or within their control (collectively, "Defendants"), shall, whether in the United States, Canada, or any other country:

    A.  immediately and permanently cease and desist from operating FreeTV, except as otherwise provided for in Paragraph 5;

    B.  immediately and permanently cease and desist from operating any website that is substantially similar to FreeTV; and

    C.  immediately and permanently cease and desist from (i) directly, indirectly, contributorily, or vicariously infringing in any manner, or (ii) enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading anyone to infringe in any matter, any copyright in any motion picture, television program, or other copyrighted work (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or the copyright laws of Canada or any other country or territory, or any exclusive license thereto (the "Copyrighted Works"), including, but not limited to, engaging in any of the following without express written authority or license from the appropriate Plaintiff:

        1.  copying, reproducing, downloading, distributing, uploading, or linking to, any of the Copyrighted Works;

      2.    transmitting, streaming, performing in public, or communicating to the public by telecommunication, any of the Copyrighted Works;

      3.    enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, stream, perform in public, or communicate to the public by telecommunication or publicly perform any of the Copyrighted Works;

      4.    profiting or benefiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works; and/or

      5.    Participating in any affiliate marketing, advertising program, or any similar program designed to drive or refer user traffic to, including but not limited to acting as an advertising broker for, any Internet website that enables, facilitates, permits, assists, solicits, encourages, abets, promotes, profits from, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance of any of the Copyrighted Works.

D.    if necessary, shall cease to operate or assist in the operation of, and will not profit or benefit from, any website known or suspected by Defendants to be engaging in authorizing, inducing, encouraging, aiding or

abetting, or materially contributing to infringement of any of the Copyrighted Works;

E.   shall not operate or, provide links to, assist or participate in any way in the operation of, or in any way profit or benefit from, any website that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works, unless and until Defendants have obtained all necessary prior written authority or license for such Copyrighted Works from the appropriate Plaintiff.

4.   This injunction shall not apply to any Copyrighted Works for which Defendants have obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work.

5.   Defendants shall destroy all digital files representing any Copyrighted Works that are currently in their possession, custody, or control, except for Copyrighted Works for which Defendants have obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid.  Defendants shall provide Plaintiffs with a sworn statement within five days after the entry of the Consent Judgment certifying their compliance with this provision.

6.   Absent the prior written consent of Plaintiffs or their designee, Defendants shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology, domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to http://www.free-tv-video-online.info, including without limitation, by posting such materials on an internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

7. Defendants irrevocably and fully waive notice of entry of the Consent Judgment and notice and service of the entered Consent Judgment and understand, confirm, and agree that violation of the Consent Judgment will expose Defendants to all penalties provided by law, including contempt of Court.

8. Defendants irrevocably and fully waive any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Nothing contained in the Consent Judgment shall limit the right of Plaintiffs to seek relief, including without limitation, damages, for any and all infringements by Defendants of the Copyrighted Works occurring after the date Defendants execute the Stipulation for Entry of Judgment.

10. This Consent Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendants.

Dated: March 1, 2010

_____
The Honorable John F. Walter
United States District Judge